UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Case No. 1:16-CV-350

TRACIE WILSON,

    Plaintiff,

v.

TIME WARNER CABLE
ENTERPRISES LLC

    Defendant.

COMPLAINT FOR DAMAGES UNDER THE TELEPHONE CONSUMER PROTECTION ACT, AND OTHER EQUITABLE RELIEF

JURY TRIAL DEMANDED

## PARTIES

1. Plaintiff, Tracie Wilson ("Tracie"), is a natural person who resided in Ellenboro, North Carolina, at all times relevant to this action.

2. Defendant, Time Warner Cable Enterprises LLC ("Time Warner" or "Defendant"), is a Delaware Corporation that maintained its principal place of business in New York, New York, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. Around the Spring of 2016, Time Warner began calling Tracie on her cellular telephone ending in -9630 in connection with a debt allegedly owed by Tracie's daughter ("Daughter").

6. During the initial conversation between Tracie and Time Warner, Tracie advised the Time Warner representative that she had already spoken with a Time Warner representative and set up a payment arrangement.

7. During that same conversation, Tracie communicated her desire that Time Warner cease calling her.

8. Notwithstanding this communication, Time Warner continued to call Tracie on her cellular telephone ending in -9630.

9. Time Warner's collection efforts, including but not limited to its telephone calls, caused Tracie emotional distress in the form of frustration, annoyance, aggravation, and anxiety.

10. Time Warner's collection efforts also intruded upon Tracie's privacy.

11. In addition, each time Time Warner placed a telephone call to Tracie, Time Warner occupied Tracie's telephone number such that Tracie was unable to receive other phone calls at that telephone number while Time Warner was calling her.

12. Time Warner's telephone calls also forced Tracie to lose time by having to tend to Time Warner's unwanted calls.

## APPLICABLE LAW

13. Senator Fritz Hollings, the original sponsor of the TCPA, stated:

> Computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall.

137 Cong. Rec. 30,821 (1991).

14. The TCPA defines an automatic telephone dialing system ("ATDS") as "equipment which has the capacity…(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

15. "[A] predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 7973, ¶ 13 (2015); *see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

16. A predictive dialer is an ATDS within the meaning of the TCPA. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 7973, ¶ 13 (2015); *see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

17. Time Warner used a predictive dialer to place calls to Tracie on her cellular telephone.

18. The TCPA provides, in part:

   (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—

   (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

   (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

> \* \* \*
>
>> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call…

47 U.S.C. §§ 227(b)(1)(A)(iii).

19. The term "called party," as used in Section 227(b)(1)(A) of the TCPA, refers to the subscriber or the regular user of the called number at the time the telephone call is made. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961,7999-8000, ¶ 72-73 (2015).

20. Tracie was the "called party" in each telephone call Time Warner placed to Tracie's cellular telephone.

21. The "called party" may revoke any prior consent to be called on his or her cellular phone in any reasonable manner. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961,7993, ¶ 55 (2015); *Brown v. Credit Mgmt., LP*, 131 F. Supp. 3d 1332, 1345 (N.D. Ga. 2015) ("The unwillingness [to receive calls] 'may be manifested to the actor by any words or conduct inconsistent with the continued consent.'").

## COUNT ONE

### Violation of the Telephone Consumer Protection Act

22. Tracie re-alleges and incorporates by reference Paragraphs 5 through 21 above as if fully set forth herein.

23. Time Warner violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time using an ATDS and/or an artificial or prerecorded voice to call Tracie on her

cellular telephone without Tracie's prior express consent or after such consent had been revoked.

24. In addition, The TCPA provides, in part:

> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).

25. The Communications Act of 1943, of which the TCPA is a part, defines "willful" as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision[], rule or regulation...." 47 U.S.C. § 312(f).

26. In order to establish a "willful" or "knowing" violation of the TCPA, a plaintiff need not demonstrate that the defendant intended to violate the statute, or that it knew or should have known it was violating the statute. *See Roylance v. ALG Real Est. Servs., Inc*. 2015 WL 1522244, *9 (N.D. Cal. Mar. 16, 2015); *Bridgeview Health Care Ctr. Ltd. v. Clark*, 2013 WL 1154206, *7 (N.D. Ill. Mar. 19, 2013); *Stewart v. Regent Asset Mgmt. Solutions, Inc.*, 2011 WL 1766018, *7 (N.D. Ga. May 4, 2011).

27. Instead, a plaintiff need only show that the defendant engaged in a "voluntary act" that violated the TCPA. *See Bridgeview*, 2013 WL 1154206, at *7; see also *Roylance*, 2015 WL 1522244, at *9 (intentionally making phone calls that violated TCPA, without intent to violate the statute, was sufficient to warrant treble damages).

28. Time Warner voluntarily placed telephone calls to Tracie's cellular telephone number using an ATDS and/or an artificial or prerecorded voice.

29. Time Warner's violations of 47 U.S.C. § 227(b)(1)(A) were willfully and knowingly made.

## JURY DEMAND

30. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

31. Plaintiff prays for the following relief:

    a. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

    b. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

    c. For such other legal and/or equitable relief as the Court deems appropriate.

**TODAY** is October 27, 2016.

        RESPECTFULLY SUBMITTED,

        COLLUM & PERRY

        By:   /s/ *M. Shane Perry*
           M. Shane Perry
           NC Bar No. 35498
           109 W. Statesville Avenue
           Mooresville, North Carolina 28115
           (P) (704) 663-4187
           (E) shane@collumperry.com
           *Attorney for Plaintiff*